IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MATT DABNEY,**<br><br>          Plaintiff,<br><br>     v.<br><br>**WYOMING VAPOR CO.**, *et al.*,<br><br>          Defendants. | Case No. 3:19-cv-230-YY<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATION** |

**Michael H. Simon, District Judge.**

U.S. Magistrate Judge Youlee Yim You issued Findings and Recommendation in this case on July 10, 2020. ECF 26. Judge You recommended that the Court should grant Defendant Wyoming Vapor's Motion for Summary Judgment (ECF 19) and the case against Wyoming Vapor should be dismissed with prejudice. Judge You also recommended that the remaining defendants should be dismissed without prejudice for lack of prosecution. Plaintiff timely objected and Defendant responded. The Court has reviewed these documents.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files an objection to a magistrate judge's findings and recommendations,

PAGE 1 – ORDER

"the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

In addition, for those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff's objections generally restate the arguments he made in his briefing to Judge You on Wyoming Vapor's motion for summary judgment. First, Plaintiff argues that Judge You's finding that Plaintiff's culpable spoliation of evidence prejudiced Wyoming Vapor "defies logic." Judge You found that the loss of the vaporizer batteries at issue prevented Wyoming Vapor from mounting a full defense at trial. Plaintiff contends that, because Wyoming Vapor has already made some defenses to liability based on photographs of the lost batteries, it could not have been prejudiced by the loss of the physical batteries. Plaintiff argues that if Wyoming Vapor can mount *any* defense at trial, it is not prejudiced by the spoliation of the actual physical batteries. But photographs of the batteries are not an adequate substitute for the batteries themselves in this case. As Judge You noted, Wyoming Vapor's inability to inspect the batteries

precludes it, for example, from determining whether the batteries at issue are even the type of batteries that Wyoming Vapor sells. Judge You's analysis on this point is sound, and Plaintiff's argument fails.

Plaintiff also contends that Judge You weighed the evidence of prejudice using an improper standard. Plaintiff's expert stated that the "high resolution" photographs of the batteries were enough to allow Wyoming Vapor to perform a forensic evaluation of the cause of the explosion. Plaintiff argues that Judge You erred in granting summary judgment because he presented a genuine issue of fact whether the photographs were an adequate substitute for the batteries themselves. Although Judge You recommends granting summary judgment, the Court understands the opinion to recommend an order of dismissal as a sanction for Plaintiff's spoliation of evidence under the Court's inherent authority. The outcome is the same—Plaintiff's case is dismissed. The distinction matters, however, partly because an order of dismissal under a court's inherent authority is reviewed on an abuse of discretion standard, while a summary judgment determination is reviewed *de novo* on appeal. *See Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 379 (9th Cir. 1988). Plaintiff is correct that, were the Court to grant summary judgment for Wyoming Vapor, it would have to find that there is no genuine issue of material fact and that Wyoming Vapor is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Plaintiff is also correct that he has provided enough evidence to create a fact dispute: he testified that he bought a vaporizer pen from Wyoming Vapor, the pen exploded while he used it for its intended use, and he suffered injury because of the product defect.

Judge You analyzed whether the loss of evidence constituted spoliation and whether that spoliation merited dismissal of Plaintiff's case. The Court agrees with Judge You's analysis. The factual findings and legal conclusions relevant to this inquiry—that Plaintiff had an obligation to

preserve the evidence, that Plaintiff was culpable for the loss of the evidence, that the evidence was relevant to Wyoming Vapor's defense, and that Wyoming Vapor is prejudiced by the spoliation—are not subject to Rule 56's standard because they are made pursuant to the court's inherent authority to sanction discovery and preservation abuse. In other words, Plaintiff's expert testified that the photographs of the batteries are adequate substitutes for the batteries themselves. But the expert's testimony does not create a fact dispute appropriately determined by a factfinder at trial. Rather, it may create a factual issue on prejudice to Wyoming Vapor, but the Court is the sole factfinder when determining whether to sanction a party pursuant to the Court's inherent authority. *See Chambers v. Nasco, Inc.*, 501 U.S. 32 (1991) (noting that while dismissal of a lawsuit is a "particularly severe sanction," it is within the court's discretion).

The Court has reviewed de novo the Findings and Recommendation of U.S. Magistrate Judge You (ECF 26) and adopts them with the modifications and explanations described in this Order. The Court finds that Plaintiff had a duty to preserve evidence, was culpable in the loss of the evidence, and that Wyoming Vapor was prejudiced by the spoliation. The Court agrees that dismissal is an appropriate sanction here because Wyoming Vapor cannot adequately prepare and present a defense without the destroyed or discarded physical evidence. The case against Wyoming Vapor is DISMISSED, and Wyoming Vapor's Motion for Summary Judgment (ECF 19) is denied as MOOT. Additionally, Plaintiff's case against the remaining defendants are DISMISSED without prejudice for lack of prosecution.

**IT IS SO ORDERED**.

DATED this 18th day of August, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 4 – ORDER